# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-755V

|  |  |
|---|---|
| JOHN PRYOR,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 7, 2025 |

*Sean Franks Greenwood, The Greenwood Law Firm, Houston, TX, for Petitioner.*

*Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 15, 2021, John Pryor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges a Table injury - that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccine on December 2, 2019. Petition at 1, ¶ 1, (ECF No.1); Amended Petition at 1, ¶ 1, (ECF No. 29). The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 19, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On November 6, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $35,000.00 for pain and suffering. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $35,000.00 (representing pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

JOHN PRYOR,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

No. 21-755V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 15, 2021, John Pryor ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act. *See* 42 U.S.C. §§ 300aa-1 to -34, as amended

("Vaccine Act"). Petitioner alleges that he suffered from a shoulder injury related to vaccine

administration ("SIRVA"), as defined in the Vaccine Injury Table ("Table"), following the

administration of the influenza ("flu") vaccine on December 2, 2019. 42

C.F.R. § 100.3(a)(XIV)(B); Petition at 1. On August 19, 2025, the Chief Special Master issued a

Ruling on Entitlement finding that petitioner is entitled to compensation under the terms of the

Act for a SIRVA Table injury.[1] ECF No. 37.

## I. Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$35,000.00 for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). This amount represents all

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 19, 2025, Ruling on Entitlement.

elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).
Petitioner agrees.

## II.     Form of the Award

Respondent recommends that compensation provided to petitioner should be made through one lump sum payment and requests that the Chief Special Master's decision and the Court's judgment award the following:[2] a lump sum payment of **$35,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, John Pryor.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

/s/ Felicia D. Langel
FELICIA D. LANGEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 451-7659
felicia.d.langel@usdoj.gov

DATED: November 6, 2025